UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

    Alonzo M. Jones and

    Tiffiany L. Jones

        Debtors.
_____/

CASE NO.: 14-bk-06101-PMG

    Alonzo M. Jones and

    Tiffiany L. Jones

        Plaintiffs,

v.

    U.S. Department of Housing and
    Urban Development

        Defendant.
_____/

**COMPLAINT**

COME NOW, Alonzo M. Jones and Tiffiany L. Jones ("Plaintiffs"), and sue U.S. Department of Housing and Urban Development ("Defendant") and would state:

1. This is an action brought pursuant to 11 U.S.C. § 506(a) to value collateral and determine the status of Defendant's lien and/or claim against Plaintiffs.

2. The homestead property of the Plaintiff(s) is located at 10301 Driftwood Hills Dr. Jacksonville, FL 32221. The first mortgage holder is Bank of America. The first mortgage was executed by Plaintiffs(s) in the approximate amount of $142,864.00 on or about Febraury 19, 2010.

3. On or about , Plaintiffs(s) entered into a second mortgage transaction with U.S. Department of Housing and Urban Development, which loaned Plaintiffs(s) the principal sum of approximately $23,374.41 to be secured by a second mortgage on the homestead property of the Plaintiff(s).

4. Section 506 of the Bankruptcy Code defines the secured and unsecured status of debts based upon the value of the underlying collateral. This Section provides in relevant part:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property,… and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.
>
> 11 U.S.C. § 506(a)(2009).

5. The replacement value of the property of the Plaintiff(s), based on personal knowledge and belief, is $128,000.00.

6. As of the date of the filing of the Voluntary Petition, there remained a sum due in excess of $133,803.00 (plus applicable payoff charges) on the first mortgage loan on the property.

7. Under the above provisions of 11 U.S.C. § 506(a), the second mortgage lien of Defendant, U.S. Department of Housing and Urban Development , is wholly unsecured and subject to removal and, upon filing a Proof of Claim, shall be treated as an unsecured claim in the Chapter 13 Plan of the Plaintiff(s).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs(s) request(s) that this Honorable Court value the interest and any claim of Defendant, U.S. Department of Housing and Urban Development, in the property of the Plaintiff(s) at the replacement value of $0.00; and strip off the lien of Defendant by virtue of its second mortgage on the property of the Plaintiff(s) and, upon filing a Proof of Claim, treat Defendant as an unsecured creditor.

DATED this April 1, 2015.

**The Law Offices of Keith D. Collier**

/s/ Keith D. Collier
**KEITH D. COLLIER**
Florida Bar No.: 0633771
2350 Park Street
Jacksonville, Florida 32204
(904) 981-8100/Fax: 981-8015
Collier@KeithDCollier.com
Attorney for Plaintiff(s)